UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFRED MATHIEU ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| RECEIVABLES MANAGEMENT ) | JURY TRIAL DEMANDED |
| SOLUTIONS, INCORPORATED ) | |
| & ) | |
| ) | |
| TATE & KIRLIN ASSOCIATES ) | |
| INC. ) | |
| Defendants ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Wilfred Mathieu., by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Wilfred Mathieu, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that one of the Defendants transacts business in this District and maintains a primary office in this District.

### III. PARTIES

4. Plaintiff, Wilfred Mathieu, is an adult natural person residing at 154 Canterbury Road, Springfield, Mass 01118-2358. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Receivables Management Solutions, Incorporated ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Minnesota and the Commonwealth of Pennsylvania with its principal place of business located at 260 East Wentworth Avenue, West St. Paul, MN 55118.

6. Defendant, Tate & Kirlin, Associates Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and Massachusetts with its principal place of business located at 2810 Southampton Rd. Philadelphia Pa, 19154.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. Plaintiff is represented by Consumer Law & Associates, to help aid him in his debt settlement negotiations.

9. On or about February 9, 2010, Plaintiff was sent a settlement agreement letter from Defendant, Receivables Management Solutions, on a debt allegedly owed on a Household Finance Corp account. **See Exhibit "A" (letter) attached hereto**.

10. Defendant, Receivables Management Solutions, letter stated that after receipt of the initial payment of $2,251.00, plus six (6) additional payments of $1,063.00 that the Defendant would close the Plaintiff's account as settled in full.

11. On or about February 18, 2010, as agreed upon, Plaintiff with the help of Consumer Law & Associates, made the initial payment in the amount of $2,251.00 to Defendant, Receivables Management Solutions.

12. This payment was accepted and not returned.

13. On or about March 17, 2010, Plaintiff with the help of Consumer Law sent the second payment to Defendant, Receivables Management Solutions, in the amount of $1,063.00.

14. This payment was accepted and not returned.

15. On or about April 19, 2010, Plaintiff with the help of Consumer Law sent the third payment in the amount of $1,063.00.

16. This payment was accepted and not returned.

17. On or about May 17, 2010, Plaintiff with the help of Consumer Law & Associates issued the fourth payment in the amount of $1,063.00 to Defendant, Receivables Management Solutions.

18. This payment was accepted and not returned.

19. On or about June 22, 2010, Plaintiff issued the fifth payment to Defendant, Receivables Management Solutions, in the amount of $1,063.00.

20. This payment was accepted and not returned.

21. On or about July 13, 2010, with the help of Consumer Law & Associates, Plaintiff sent the sixth payment of $1,063.00 to the Defendant, Receivables Management Solutions.

22. This payment was accepted and not returned.

23. On or about August 17, 2010, Plaintiff with the help of Consumer Law & Associates sent the final payment to Defendant, Receivables Management Solutions, in the amount of $1,063.

24. As with all previous payments, this payment was also accepted and not returned.

25. On or about October 18, 2010, Plaintiff started to receive calls from Defendant, Receivables Management Solutions, agent, "Matthew Lang", informing him that his settlement payments were short $300.

26. On or about that same day, Consumer Law & Associates, representative, Jeannie Martin, spoke with Defendant, Receivables Management Solutions, agent, "Matthew Lang", who stated that the settlement agreement was for $8,929.00.

27. Defendant, Receivables Management Solutions, agent, "Matthew Lang", insisted to Consumer Law representative, Jeannie Martin, that he had issued a second letter after re-doing the settlement the next day which updated the amount from $8,629.00 to $8,929.00.

28. Consumer Law & Associates representative, Jeannie Martin, informed Defendant, Receivables Management Solutions, agent, "Matthew Lang", that Consumer

Law & Associates did not have a letter updating the amount due and that both letters in their possession are for $8,629.00.

29. Defendant, Receivables Management Solutions, "Matthew Lang", responded that it did not matter, the settlement is short and that is that.

30. On or about that same day, October 18, 2010, Plaintiff started to also receive calls from Defendant, Tate & Kirlin Associates, collecting on this same debt.

31. Defendant, Tate & Kirlin Associates, informed the Plaintiff that they were now collecting a total balance of $9,200.00.

32. Plaintiff tried to inform Defendant, Tate & Kirlin Associates, that the debt was already paid in full to Defendant, Receivables Management Solutions.

33. Defendant, Tate & Kirlin Associates, told the Plaintiff that the debt was not paid in full and that they were going to continue to call until the full balance was paid.

34. On or about October 21, 2010, Plaintiff called, Defendant, Receivables Management Solutions, to find out why they were having another agency collect on a debt that was already paid in full.

35. Defendant, Receivables Management Solutions, stated that the debt was not paid in full because the account was still $300.00 short.

36. Defendant, Receivables Management Solutions, stated that they made a mistake and sent a second settlement letter to, Consumer Law & Associates, on or about February 10, 2010 updating the settlement amount.

37. Consumer Law & Associates vehemently denies that they ever received a letter informing them of a shortage in the amount that the Plaintiff was to pay back to Defendant, Receivables Management Solutions.

38. Defendant, Receivables Management Solutions, has now passed the above mentioned account to Defendant, Tate & Kirlin Associates, who continue to call the Plaintiff everyday demanding a full balance of $9,200.00 on this account.

39. Plaintiff was told by Defendant, Tate & Kirlin Associates, that they would continue to call because the Plaintiff did not keep up his end of the bargain in paying Defendant, Receivables Management Solutions.

40. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants unlawful conduct.

41. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

42. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

44. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

45. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

46. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

47. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

48. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

49. The above paragraphs are hereby incorporated herein by reference.

50. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

51. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5): Caused the phone to ring or engaged any person in telephone observations repeatedly

§§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692f(1): Attempt to collect any amount not authorized by the agreement

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Receivables Management Solutions, Incorporated and Tate & Kirlin Associates Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: **November 8, 2010**

BY: __/s/ *Bruce K. Warren BKW4066*__
Bruce K. Warren, Esquire

BY: __/s/ *Brent F. Vullings BFV8435*__
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff

# EXHIBIT "A"

Receivables Management Solutions
260 East Wentworth Avenue / West St. Paul, MN 55118 / 651-457-1130- 800-299-8301
5230 Washington St. / West Roxbury, MA 02132 / 617-327-9120 / Open 10am-3pm m-f
=================================================

Ltr 25                          Date account placed:1/8/2010
                                RMS DEBTOR # :9147075
                                TOTAL BALANCE :$17585.44
                                RMS CLIENT :HOUSEHOLD FINANCE CORP.
                                ACCOUNT # :52009800117564
                                ORIGINAL CREDITOR :HOUSEHOLD FINANCE CORP

MATHIEU
C/O CONSUMER LAW ASSOCIATE
7668 WARREN PARKWAY, SUITE
FRISCO, TX 75034-4161

Dear MATHIEU                                                    2/9/2010

This is to confirm that upon receipt of your 6 payment (s) totaling **$8629.00, one payment on 2/26/2010 for $2251.00 and 6 payments of $1063.00 on 4/30/2010, 5/30/2010, 6/30/2010, 7/30/2010, 8/30/2010 and 9/30/2010**, we will close your account as settled in full once the funds have cleared the bank.

If you are making more than one payment, the payments must be paid as agreed between you and the RMS Account Manager.

This offer is valid through: **8/30/2010**

If you have any questions about this offer, please call me at 800/299-8301 or 651/457-1130.

Sincerely,

MATT LANGE/BOB
Account Manager

This collection agency is licensed by the Minnesota Department of Commerce.

www.ago.state.co.us/CADC/CADCmail.cfm
This collection agency is licensed with the New York City Department of Consumer Affairs, license number "097873".
This collection agency is licensed by the Collection Service Board, State department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

North Carolina Department of Insurance permit number 3643.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.